1  Jason G. Sheasby (SBN 205455)
   *jsheasby@irell.com*
2  Amy E. Proctor (SBN 283845)
   *aproctor@irell.com*
3  Andrew Strabone (SBN 301659)
   *astrabone@irell.com*
4  Erick Franklund (SBN 348400)
   *efranklund@irell.com*
5  **IRELL & MANELLA LLP**
   1800 Avenue of the Stars, Suite 900
6  Los Angeles, California 90067
   Telephone:  (310) 277-1010
7  Facsimile:  (310) 203-7199

8  *Attorneys for Plaintiffs*

9

10                **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12                    **OAKLAND DIVISION**

13  VALTRUS INNOVATIONS LTD.,          )   **Case No.**
    KEY PATENT INNOVATIONS LIMITED,    )
14                                     )   **COMPLAINT FOR PATENT**
              Plaintiffs,              )   **INFRINGEMENT**
15                                     )
           v.                          )
16                                     )   **DEMAND FOR JURY TRIAL**
    CLOUDFLARE, INC.,                  )
17                                     )
              Defendant.               )
18  _____)

19

20

21

22

23

24

25

26

27

28

Plaintiff Valtrus Innovations Limited ("Valtrus") and Plaintiff Key Patent Innovations Limited ("Key Patent") (collectively, "Plaintiffs"), by and through their undersigned counsel, plead the following against Cloudflare, Inc. ("Cloudflare" or "Defendant") and allege as follows:

**THE PARTIES**

1.     Plaintiff Valtrus is the successor in interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor companies, including Compaq, Verity, and Hewlett-Packard Development Company (collectively, "HPE").  Valtrus is an Irish entity duly organized and existing under the laws of the Republic of Ireland.  The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2.     Valtrus is the assignee and owns all right and title to U.S. Patent No. 7,930,539 ("the '539 Patent").

3.     Plaintiff Key Patent is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the '539 Patent. Key Patent is an Irish entity duly organized and existing under the laws of the Republic of Ireland. The address of the registered office of Key Patent is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

4.     The '539 Patent was developed by inventors working for HPE.  HPE and its predecessors have been developing innovative computer processing and server technology for decades.

5.     On information and belief, Defendant Cloudflare is a corporation duly organized and existing under the laws of the State of Delaware, having a regular and established place of business in the Northern District of California, including at 101 Townsend Street, San Francisco, California 94107.

**JURISDICTION**

6.     This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Cloudflare because Cloudflare creates products and services that are and have been used, offered for sale, sold, and purchased in the Northern District of California, and Cloudflare has committed, and continues to commit, acts of infringement in the Northern District of California, has conducted business in the Northern District of California, and/or has engaged in continuous and systematic activities in the Northern District of California. For example, Cloudflare maintains its corporate headquarters in San Francisco.

8.     Under 28 U.S.C. §§ 1391(b)-(d) and 1400(b), venue is proper in this judicial district because Cloudflare maintains its headquarters in this district and has committed and regularly commits acts of infringement within this judicial district giving rise to this action.  For example, Cloudflare maintains multiple regular and established places of business in the Northern District of California, including its corporate headquarters at 101 Townsend Street, San Francisco, California 94107, and at least one data center in San Francisco.

## DIVISIONAL ASSIGNMENT

9.     This action arises under the patent laws of the United States.  Therefore, under Civil Local Rule 3-2(c) and General Order No. 44 ¶ D.3, this action is appropriate for district-wide assignment, and venue is proper in any courthouse and division in this district.  Cloudflare is headquartered in San Francisco, and maintains at least one data center in San Francisco.  Under Civil Local Rule 3-2(d), this action may be properly assigned to the Oakland Division.

## FIRST CLAIM

### (Infringement of U.S. Patent No. 7,930,539)

10.     Plaintiffs re-allege and incorporate herein by reference Paragraphs 1-9 of their Complaint.

11.     The '539 Patent, entitled "Computer system resource access control," was duly and lawfully issued on April 19, 2011.  A true and correct copy of the '539 Patent is attached hereto as Exhibit 1.

12.     The '539 Patent names Donald C. Soltis, Jr., Rohit Bhatia, and Eric R. DeLano as inventors.

13.     The '539 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '539 Patent, including the right to seek damages for any infringement thereof.

14.     The '539 Patent generally relates to technology implemented in a computer system having a plurality of resources, where the computer system receives a request from a software program to access one of the resources and determines whether the resource is a protected resource. If it is, the claimed method or device determines whether access to the protected resource should be granted based on whether or not the computer system is operating in a protected mode of operation.

15.     Plaintiffs are informed and believe, and thereon allege, that Cloudflare has infringed one or more claims of the '539 Patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering to sell, selling, and and/or importing into the United States, without authority or license, Cloudflare products that use the claimed computer system resource access control method and device in an infringing manner.  Cloudflare practices every step of at least claim 1 of the '539 Patent in the United States, including one or more steps that it practices in the Northern District of California.

16.     For example, Cloudflare product offerings including its SSE and SASE platform and services, application security and performance services, and network services (including but not limited to Cloudflare One and Zero Trust products and services) (collectively, the "Accused Products"), run on a network of servers that use AMD EPYC processors.  For example, Cloudflare has used or uses AMD EPYC 7642 processors in its "Gen X" servers.[1]  As another example, Cloudflare has used or uses AMD EPYC 7713 processors in its "Gen 11" servers, and has used or uses AMD EPYC 9684X processors in its "Gen 12" servers.[2]

17.     The Accused Products embody every limitation of at least claim 1 of the '539 Patent, literally or under the doctrine of equivalents, as set forth below.  The further descriptions below, which are based on publicly available information, are preliminary examples and are non-limiting.

---

[1] See https://blog.cloudflare.com/technical-details-of-why-cloudflare-chose-amd-epyc-for-gen-x-servers/

[2] See https://blog.cloudflare.com/gen-12-servers/

18.     The Accused Products use a computer-implemented method for use in a computer system including a plurality of resources, the method comprising the steps below.

19.     As one example, the AMD EPYC processors used by Cloudflare in its network, which include an ARM-based AMD Secure Processor, perform a computer-implemented method for use in a computer system including a plurality of resources.[3]  For example, the method is executed by a computer system with a processor where the computer system includes resources such as normal (non-secure) code and secure code.[4]



20.     The Accused Products perform the step of receiving a request from a software program to access a specified one of the plurality of resources.

21.     As one example, the AMD EPYC processors used by Cloudflare in its network perform the step of receiving a request from a software program to access a specified one of the plurality of resources. For example, as shown below, a software program such as the TrustZone API driver in the "Normal [(non-secure)] world" running on the ARM-based AMD Secure Processor

_____

[3] As a non-limiting example, Cloudflare has tested and used the AMD Secure Processor in its "Gen X" servers. *See* https://blog.cloudflare.com/securing-memory-at-epyc-scale/

[4] Presentation available at: https://www.usenix.org/conference/usenixsecurity16/technical-sessions/presentation/kaplan

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

COMPLAINT FOR PATENT INFRINGEMENT

may request access to a resource, such as normal (non-secure) or secure application code, on behalf of an application in the "Normal" (non-secure) world.[5]

Generally applications developers won't directly interact with TrustZone (or TEEs or Trusted Services). Instead, one makes use of a high level API (for example, it might be called `reqPayment()`) provided by a Normal world library. The library would be provided by the same vendor as the Trusted Service (for example, a credit card company), and would handle the low level interactions. Figure 21-3 shows this interaction and illustrates the flow from user application calling the API that makes an appropriate OS call, which then passes to the TrustZone driver code, and then passes execution into the TEE through the Secure monitor.



22.     The Accused Products perform the step of determining whether the specified one of the plurality of resources is a protected resource.

23.     As one example, the AMD EPYC processors used by Cloudflare in its network perform the step of determining whether the specified one of the plurality of resources is a protected resource.  For example, the AMD EPYC processors include an ARM-based AMD Secure Processor (also known as a Platform Security coprocessor (PSP)), as shown above, that determines whether a

---

[5] *See* https://developer.arm.com/documentation/den0013/d/Security/TrustZone-hardware-architecture/Interaction-of-Normal-and-Secure-worlds

resource is a protected resource, such as secure application code performing a security service in the

"Secure world."[6]

If you do have to access a secure application, you will require a driver-like function to talk to the Secure world OS and Secure applications, but the details of creating that Secure world OS



24.     If the specified one of the plurality of resources is a protected resource, the Accused

Products perform the steps below.

25.     For example, if the resource is a protected resource, such as a resource application

code performing a security service in the secure world as described above, then a secure monitor

call (SMC) is made to the secure monitor in order for the secure code to be executed in the secure

world, as shown below.[7]

It is common to share data between the Secure and Normal worlds. For example, in the Secure world you might have a signature checker. The Normal world can request that the Secure world verifies the signature of a downloaded update, using the SMC call. The Secure world requires

---

[6] *See* https://developer.arm.com/documentation/den0013/d/Security/TrustZone-hardware-architecture/Interaction-of-Normal-and-Secure-worlds; *see also* https://freundschafter.com/about-amd-trustzone-amd-platform-security-processor-psp-amd-secure-technology/

[7] *See* https://developer.arm.com/documentation/den0013/d/Security/TrustZone-hardware-architecture/Interaction-of-Normal-and-Secure-worlds; https://developer.arm.com/documentation/den0013/d/Security/TrustZone-hardware-architecture; https://developer.arm.com/documentation/ddi0406/cd

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

COMPLAINT FOR PATENT INFRINGEMENT

Figure 21-1 Switching between Normal and Secure worlds

The Secure Monitor Call instruction, SMC, requests a Secure Monitor function, causing the processor to enter Monitor mode. For more information, see *SMC (previously SMI)* on page B9-1988.

26.    The Accused Products perform the step of, if the computer system is operating in a protected mode of operation, then denying the request regardless of access rights associated with the software program including software programs having a most-privileged level.

27.    For example, if the computer system (*i.e.*, a processor core) is operating in a protected mode of operation, defined, for example, by setting the SCR.SCD bit to 1 and thus disabling the secure monitor call at PL1 and above, then the request is denied regardless of access rights and privilege level, because the SMC instruction cannot execute and the system cannot enter the Secure state to access the secure application code.[8]

When the SCR.SCD bit is set to 1, entry to Secure state by taking a Secure Monitor Call exception is disabled. This means that, when SCR.SCD is set to 1:

—    An SMC instruction executed in Non-secure state, and not trapped by the HCR.TSC mechanism described in *Trapping use of the SMC instruction* on page B1-1253, is UNDEFINED.

—    An SMC instruction executed in a Secure PL1 mode is UNPREDICTABLE.

---

[8] https://developer.arm.com/documentation/ddi0406/cd



The SCR bit assignments are:

SCD, bit[7], when implementation includes the Virtualization Extensions

Secure Monitor Call disable. Makes the SMC instruction UNDEFINED in Non-secure state. The possible values of this bit are:

0    SMC executes normally in Non-secure state, performing a Secure Monitor Call.

1    SMC instruction is UNDEFINED in Non-secure state.

28.    The Accused Products perform the step of processing the request based on the access rights associated with the software program if the computer system is not operating in the protected mode of operation.

29.    As one example, the AMD EPYC processors used by Cloudflare in its network perform the step of processing the request based on the access rights associated with the software program if the computer system is not operating in the protected mode of operation.  For example, if the computer system (*i.e.*, a processor core) is not operating in a protected mode of operation, defined, for example, by setting the SCR.SCD bit described above to 0 and thus enabling the secure monitor call, then the request is processed based on the access rights—such as to SMC—associated with the software program.[9]

It is common to share data between the Secure and Normal worlds. For example, in the Secure world you might have a signature checker. The Normal world can request that the Secure world verifies the signature of a downloaded update, using the SMC call. The Secure world requires

Secure Monitor Call causes a Secure Monitor Call exception. For more information, see *Secure Monitor Call (SMC) exception* on page B1-1210.

SMC is available only from software executing at PL1 or higher. It is UNDEFINED in User mode.

---

[9] *See* https://developer.arm.com/documentation/den0013/d/Security/TrustZone-hardware-architecture/Interaction-of-Normal-and-Secure-worlds; https://developer.arm.com/documentation/ddi0406/cd

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

COMPLAINT FOR PATENT INFRINGEMENT



**Figure 21-1 Switching between Normal and Secure worlds**

30.    On information and belief, Cloudflare had knowledge of the '539 Patent prior to the filing of this complaint, at least because Valtrus sent a notice letter informing Cloudflare of its infringement of other patents in its portfolio on December 22, 2023, and informed Cloudflare that Valtrus would "bring additional patents and/or additional Cloudflare offerings to [Cloudflare's] attention as appropriate."

31.    Plaintiffs are informed and believe, and thereon allege, that Cloudflare actively, knowingly, and intentionally has induced infringement of the '539 Patent by, for example, using, selling, and offering for sale the Accused Products, which in turn use the method claimed by the '539 Patent.  Cloudflare offers for sale and sells said Accused Products with the intent to encourage and facilitate infringing uses of those products in the Northern District of California, in the United States, and throughout the world.

32.    As a result of Cloudflare's infringement of the '539 Patent, Plaintiffs have been damaged.  Plaintiffs are entitled to recover damages sustained as a result of Cloudflare's wrongful acts in an amount subject to proof at trial.

33.    In addition, Cloudflare's infringing acts and practices have caused and are causing immediate and irreparable harm to Plaintiffs.

34.    Plaintiffs are informed and believe, and thereon allege, that Cloudflare's infringement of the '539 Patent has been and continues to be willful.  As noted above, on information and belief, Cloudflare has had knowledge of the '539 Patent and its infringement of the '539 Patent. Cloudflare has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Plaintiffs' patent rights.  Thus, Cloudflare's infringing actions have been and continue to be consciously wrongful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Cloudflare as follows:

A.  That Cloudflare has infringed the '539 Patent, and unless enjoined will continue to infringe the '539 Patent;

B.  That Cloudflare has willfully infringed the '539 Patent;

C.  That Cloudflare pay Plaintiffs damages adequate to compensate Plaintiffs for Cloudflare's past, present, and future infringement of the '539 Patent, together with interest and costs under 35 U.S.C. § 284;

D.  That Cloudflare be ordered to pay prejudgment and post-judgment interest on the damages assessed;

E.  That Cloudflare pay Plaintiffs enhanced damages pursuant to 35 U.S.C. § 284;

F.  That Cloudflare be ordered to pay supplemental damages to Plaintiffs, including interest, with an accounting, as needed;

G.  That Cloudflare be enjoined from infringing the '539 Patent, or if its infringement is not enjoined, that Cloudflare be ordered to pay ongoing royalties to Plaintiffs for any post-judgment infringement of the '539 Patent;

H.  That this is an exceptional case under 35 U.S.C. § 285, and that Cloudflare pay Plaintiffs' attorneys' fees and costs in this action; and

I.  That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury

3

on all issues triable to a jury.

4

5

Dated:  July 25, 2025                              Respectfully submitted,

6

By:  ___*/s/ Jason Sheasby*___

7

Jason Sheasby (SBN 205455)
Amy E. Proctor (SBN 283845)

8

Andrew J. Strabone (SBN 301659)
Erick Franklund (SBN 348400)

9

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Stars, Suite 900

10

Los Angeles, California 90067
Telephone: (310) 277-1010

11

E-mail: jsheasby@irell.com
E-mail: aproctor@irell.com

12

E-mail: astrabone@irell.com
E-mail: efranklund@irell.com

13

14

**COUNSEL FOR PLAINTIFFS**

15

16

17

18

19

20

21

22

23

24

25

26

27

28